UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
THOMAS BOPP, on behalf of himself and all other
persons similarly situated,

                                  Plaintiff,

                                                              **COMPLAINT**

        -against-

TAX AFFAIR, INC. d/b/a JACKSON HEWITT TAX          *Class Action*
SERVICE, and KEN SRA,
                                  Defendants.
----------------------------------------------------------------------X

        Plaintiff, THOMAS BOPP ("Plaintiff"), on behalf of himself and all other persons

similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC,

complaining of the Defendants, TAX AFFAIR, INC. d/b/a JACKSON HEWITT TAX SERVICE

and KEN SRA, alleges as follows:

                          **NATURE OF THE ACTION**

        1.      Defendant, TAX AFFAIR, INC. d/b/a JACKSON HEWITT TAX SERVICE ("Tax

Affair") and its principal, KEN SRA ("SRA"), (collectively "Defendants"), failed to pay Plaintiff,

and those similarly situated, premium overtime wages for hours worked in excess of 40 hours per

week in violation of the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting

New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").  Further,

Plaintiff brings this action due to Defendants' failure to pay him all commissions owed by the end

of each month in which they were earned, in violation of NYLL 191(c), as well as for failure to

provide him with accurate wage statements with his wages each week pursuant to NYLL § 195(3)

and for failure to provide him with a compliant wage notice upon his hire pursuant to NYLL §

195(1), and for claims of unjust enrichment, quantum meruit, and breach of contract under New

York common law.

                                        1

2.      Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations and violations of New York common law.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00.

3.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

4.      Plaintiff is a citizen of the State of Tennessee.

5.      At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of the NYLL § 190(2).

6.      Defendant Tax Affair is a citizen of the State of New York, and was and still is a domestic business corporation organized and existing under the laws of the State of New York, with corporate headquarters located in New York.

7.      At all times relevant, Defendant, Tax Affair, was and still is an "employer" within the meaning of the NYLL § 190(3).

8.      Defendant Sra is a citizen of the State of New York, is a shareholder and/or officer of Tax Affair, has authority to make payroll and personnel decisions for Tax Affair, including

hiring and firing decisions, scheduling, and setting rates of pay, is active in the day-to-day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the NYLL §190(3).

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

9.      Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as tax examiners in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

10.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  Upon information and belief, there are more than 40 Class Members who have worked for Defendant in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

11.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are

over 40 individuals who are currently, or have been, employed by Defendant in positions at any time during the six (6) years prior to the filing of the initial Complaint.

12.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed to pay Plaintiff and Class Members their earned commissions on or before the final day of the month following the month in which they were earned;

(c) Whether Defendants failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(d) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(e) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay and at their applicable minimum wage rates was done willfully and/or with reckless disregard of the state wage and hour laws;

(f) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(g) Whether Defendants failed to keep true and accurate time records for hours worked by Plaintiff and Class Members;

(h) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(i) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

13.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All of the Class Members were subject to the same corporate

practices of the Defendants.  Defendants failed to pay Plaintiff and the Class Members overtime compensation under the NYLL during workweeks where they worked in excess of 40 hours.  Defendants failed to furnish Plaintiff and the Class Members with accurate wage statements in violation of NYLL § 195(3) or with wage notices at their times of hire in violation of NYLL § 195(1).  Defendants failed to pay Plaintiff and the Class Members earned commissions on or before the final day of the month following the month in which they were earned, as required by NYLL § 191.  Additionally, Defendants' failure to timely pay wages earned caused Plaintiff and the Class Members to suffer the same or similar harms.

14.     All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

15.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

16.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

17.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

18.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

19.     In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

20.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FACTS

21.     Defendants are engaged in the business of providing tax advice and preparing tax returns for customers, and maintain a place of business in Shirley, New York.

23.     Upon Information and Belief, Defendant Sra owns and/or manages approximately twelve Jackson Hewitt locations

22.     Plaintiff was employed by the Defendants as a tax preparer from on or about December 17, 2016 until in or about February 2021.  Plaintiff did not work from the months of May through November each year, only serving as a tax preparer during "tax season."  For the purposes of this Complaint, the term "tax season" represents the period of December through April the following year.

23.     Throughout his employment, Plaintiff regularly worked seven days per week, Sunday through Saturday, from 7:00 a.m. until at least 10:00 p.m., and sometimes as late as 2:00 a.m. the next morning, without an uninterrupted break during any shift, for a total of between 105 and 133 hours worked each week.

24.     From the time of Plaintiff's hire on or about December 17, 2016 through approximately the end of February 2018, Plaintiff was compensated at a rate of $12.00 per hour for only the first forty hours of work, and nothing at all for the hours he worked in excess of forty each week during this period.

25.      Defendants did not pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours per workweek.

26.     Throughout Plaintiff's employment, Defendants entered into a contract each year with Plaintiff wherein they agreed to pay him commissions starting at three percent of the preparation fees collected for each tax return Plaintiff prepared, and was ultimately raised to five percent of those fees.  Under the terms of these contracts, these commissions were to be paid within sixty days of the end of April each tax season.

27.     Under the NYLL, Defendants were required to pay Plaintiff all commissions, extra or incentive earnings, bonuses or special payments to Plaintiff not less frequently than once in each

month and no later than the final day of the month following the month in which the commissions were earned.

28.     However, Defendants never paid Plaintiff the commissions he earned for each tax return that he prepared, despite contracting with Plaintiff within his employment agreement to do so.  Thus, Defendants failed to pay Plaintiff his commissions earned for the months of January, February, March, April, and December of each year of his employment, in violation of NYLL 191(c).  Based on the time period and number of hours that Plaintiff worked, as well as the number of tax returns that Plaintiff prepared throughout his employment, Plaintiff estimates that his commissions throughout his employment are well in excess of the $75,000 required for Diversity.

29.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

30.     Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by NYLL § 195(1).

31.     Defendants failed to furnish Plaintiff with an accurate wage statement each pay period as required by NYLL § 195(3).

32.     Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

33.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the NYLL by failing to pay Plaintiff and Class Members in accordance with their respective hours worked.

34.     Defendants treated and paid Plaintiff and the putative Class Members in the same or similar manner.

## FIRST CLAIM FOR RELIEF
## NEW YORK LABOR LAW: UNPAID OVERTIME WAGES

35.     Plaintiff and Class Members allege and incorporate by reference all allegations in all preceding paragraphs.

36.     Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Class Members for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the NYLL.

37.     By Defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the NYLL Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

38.     Due to Defendants' violations of the NYLL, Defendants are liable to Plaintiff and Class Members for unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(1)

39.     Plaintiff and Class Members allege and incorporate by reference all allegations in all preceding paragraphs.

40.     Defendants failed to provide Plaintiff and Class Members with written notice in their native language setting forth their rates of pay; the basis of their rates of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195(1) of the NYLL.

9

41.     Due to Defendant's failure to provide Plaintiff and Class Members with the notice and statement required by Section 195(1) of the NYLL upon hire, Plaintiff and Class Members are entitled to statutory damages in the amount of $5,000.00.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(3)

42.     Plaintiff and Class Members allege and incorporate by reference all allegations in all preceding paragraphs.

43.     Defendants failed to provide Plaintiff and Class Members with an accurate statement of their wages each pay period as required by Section 195 of the NYLL.

44.     Due to Defendant's failure to provide Plaintiff and Class Members with an accurate statement of their wages each pay period, Plaintiff and Class Members are entitled to statutory damages in the amount of $5,000.00.

## FOURTH CLAIM FOR RELEIF
## UNJUST ENRICHMENT

45.     Plaintiff and Class Members allege and incorporate by reference all allegations in all preceding paragraphs.

46.     Plaintiff and Class Members performed work for the benefit of Defendants, at Defendants' behest.  However, Defendants failed to compensate Plaintiff and Class Members at their agreed upon commission rates or at any rate of pay for certain hours that he worked in accordance with their agreed terms of employment.  By doing so, Defendants retained monies that they were required to pay to Plaintiff and Class Members for work that he performed, as required by Defendants.

47.     Plaintiff and Class Members performed work for the benefit of Defendants, and was required to file tax returns for Defendants customers based on the promise of commissions to

be paid for each tax return filed.  However, Defendants failed to compensate Plaintiff and Class Members for the tax returns they prepared at any rate of pay, let alone their agreed upon commission rates.  By doing so, Defendants retained monies that they were required to be paid to Plaintiff and Class Members by Defendants.

48.     Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff and Class Members and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

**FIFTH CLAIM FOR RELIEF**
**QUANTUM MERUIT**

49.     Plaintiff and Class Members allege and incorporate by reference all allegations in all preceding paragraphs.

50.     Plaintiff and Class Members performed valuable services for Defendants in good faith, at Defendants' behest, which were accepted by Defendants.

51.     Plaintiff and Class Members performed valuable services for Defendants with the expectation that they would be compensated for their work.

52.     Plaintiff and Class Members are entitled to the recovery of the reasonable value of the services that they provided to Defendants, Defendants were enriched at the expense of Plaintiff and Class Members, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.  Plaintiff and Class Members are also entitled to costs of this action and interest as permitted by law.

**SIXTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

53.     Plaintiff and Class Members allege and incorporate by reference all allegations in all preceding paragraphs.

54.     As a condition of their employment, Defendants offered as a term of employment for, and thereby promised to pay, Plaintiff and Class Members an additional 3-5% commission of the monies collected from Defendants' customers for each tax return that they prepared.  Plaintiff and Class Members accepted this offer and entered into this binding contract.

55.     Throughout their employment, Plaintiff and Class Members performed work for the benefit of Defendants, at those Defendants' behest, pursuant to this contract.  Throughout their employment, Defendants required Plaintiff and Class Members to prepare tax returns for its customers.

56.     Throughout their employment, Defendants did not pay Plaintiff and Class Members the agreed upon 3-5% commissions for each tax return that they prepared, as promised as a term of their employment by the parties' contract that was intended to compensate them for this work.

57.     The employment agreement referenced above is a valid enforceable contract entered into by Plaintiff and Class Members and Defendants.

58.     Plaintiff and Class Members have at all times complied with and performed their obligations under the employment agreement.

59.     Defendants have breached the employment agreement by failing to pay Plaintiff and Class Members the agreed upon 3-5% commissions for each tax return they prepared, as promised to them as a term of their employment and the parties' contract to the detriment of the Plaintiff and Class Members.

60.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members has sustained and is entitled to recover damages, costs of this action, and interest as permitted by law.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF NEW YORK LABOR LAW § 191

61.     Plaintiff and Class Members allege and incorporate by reference all allegations in all preceding paragraphs.

62.     Plaintiff and Class Members were employed as tax preparers and commission salespersons, as defined by the NYLL.

63.     Defendants were required to pay the Plaintiff and Class Members their commissions not less frequently than once in each month and no later than the final day of the month following the month in which the commissions were earned.

64.     Defendants failed to pay Plaintiff and Class Members certain commission wages earned in accordance with their agreed upon terms of employment, or at least no later than the final day of the month following the month in which the commissions were earned, Defendants failed to timely remit these funds to the Plaintiff and Class Members in violation of NYLL § 191.

65.     Defendants' violations of the NYLL have been willful and intentional.

66.     Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to statutory damages equal to the total amount of the unpaid commissions, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and Class Members pray for the following relief:

i.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

ii.     Issuing an order restraining Defendants from any retaliation against Plaintiff and Class Members for participation in any form in this litigation;

iii.    Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

iv.    Awarding unpaid wages pursuant to NYLL, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus an equal amount as liquidated damages;

v.    Awarding damages for violations of NYLL §§ 191, 198;

vi.    Awarding damages for violations of NYLL § 195(1), 198;

vii.    Awarding damages for violations of NYLL § 195(3), 198;

viii.    Awarding damages for violation of New York common law with respect to Plaintiff's claims for unjust enrichment, quantum meruit and breach of contract;

ix.    Awarding all attorneys' fees incurred in prosecuting these claims;

x.    Awarding all costs and expenses incurred in prosecuting these claims; and

**xi.**    Granting such other and further relief as this Court deems just and proper.

Dated:  July 21, 2022

LAW OFFICE OF PETER A. ROMERO PLLC

*/s/ **Matthew J. Farnworth, Esq.***

By:    _____

Matthew J. Farnworth, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
(631) 257-5588
mfarnworth@RomeroLawNY.com